SO ORDERED.

SIGNED this 13th day of March, 2020.



_____Dale L. Somers_____
Dale L. Somers
United States Chief Bankruptcy Judge
_____

Designated for online use but not print publication

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In re:<br>Brittany Chantel Keever.<br><br>　　　　　　　Debtor. | Case No. 19-40212<br>Chapter 7 |
| Brittany Chantel Keever,<br><br>　　　　　　　Plaintiff,<br>v.<br>Cash-2-Go of Kansas, Inc.,<br><br>　　　　　　　Defendant. | Adv. No. 19-7025 |

### Memorandum Opinion and Order
### Granting Defendant's Motion to Dismiss Adversary Complaint

Debtor Brittany Keever (Debtor) borrowed money prepetition from Defendant Cash-2-Go of Kansas to be secured by her vehicle. In this proceeding, Debtor contends that Defendant failed to make disclosures required by the Truth in Lending Act (TILA) and violated Regulation Z with respect to that transaction. Debtor prays for rescission of the parties' contract, for actual damages, for statutory damages, and for costs and attorney fees. Defendant moves to dismiss for lack of subject matter jurisdiction. The Court grants the motion because this proceeding was filed after the Chapter 7 Trustee abandoned property of the estate to Debtor, including the TILA claim and filed a report of no distribution, and after full administration of the estate.[1]

## I. Findings of Fact

The facts are undisputed for purposes of the motion to dismiss. On or about December 18, 2018, Debtor borrowed money from Defendant secured by a lien on her vehicle in a transaction that constituted a consumer transaction under TILA[2] and its implementing regulations, Regulation Z.[3] Plaintiff alleges she did not receive required disclosures.

---

[1] Debtor appears by Patrick E. Henderson. Defendant appears by Brendan L. McPherson.

[2] 15 U.S.C § 1601 *et. seq.*

[3] 12 C.F.R. § 1026 *et. seq.*

2

Debtor filed a petition under Chapter 7 on March 7, 2019. The schedules disclosed, as a claim against third parties, a "Claim against Cash 2 Go for violation of the TILA" in an "unknown" amount. On July 24, 2019, Debtor received a discharge. On October 17, 2019, the Chapter 7 Trustee filed a motion for abandonment, requesting that the Court order that the estate's property be abandoned. The motion was granted by an order filed on November 4, 2019. On November 6, 2019, the Trustee filed a report of no distribution stating, "Pursuant to Fed R Bank P 5009, I certify that the estate of the above-named debtor(s) has been fully administered." Because no objection was filed within 30 days, there is a presumption under Rule 5009(a)[4] that the estate has been fully administered.

On November 13, 2019, Debtor filed the Complaint against Defendant. On December 16, 2019, Defendant filed its answer, which included the affirmative defense of lack of subject matter jurisdiction. On December 23, 2019, Defendant filed a motion to dismiss asserting that the Court lacks subject matter jurisdiction. Debtor did not timely respond to the motion. A hearing was held on February 28, 2020. The Court rejected the argument that dismissal should be granted on procedural grounds and took the substantive question of subject matter jurisdiction under advisement.

---

[4] Fed. R. Bankr. P. 5009(a).

3

Case 19-07025    Doc# 25    Filed 03/13/20    Page 3 of 10

## II. Conclusions of Law

"'Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction.'"[5] The jurisdiction of federal district courts in bankruptcy cases and proceedings is defined by 28 U.S.C. § 1334. It grants jurisdiction in three categories of bankruptcy proceedings: (1) those "arising under" title 11; (2) those "arising in" a title 11 case; and (3) those that are "related to" a case under title 11.[6] District Courts may refer such cases to the bankruptcy courts, and the Kansas District Court has done so.[7]

This case is not within the Court's "arising under" jurisdiction." "A proceeding arises under the Bankruptcy Code if it asserts a cause of action created by the Code."[8] Avoidance actions under 11 U.S.C. §§ 544 and 548 are examples. Debtor's claim arises under the TILA, not the Bankruptcy Code.

This proceeding is also not within the Court's "arising in" jurisdiction. Proceedings arise in a bankruptcy case if they "could not exist outside of a

---

[5] *Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1274 (10th Cir. 2012) (quoting *Morris v. City of Hobart*, 39 F.3d 1105, 111 (10th Cir. 1994)).

[6] *Stern v. Marshall*, 564 U.S. 462, 474 (2011).

[7] *See* D. Kan. Standing Order No. 13-1 (exercising authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013).

[8] *Personette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764, 771 (10th Cir. BAP 1997).

4

bankruptcy case, but are not causes of action created by the Bankruptcy Code."[9] Confirmation of a plan is an example. Debtor's TILA claim could exist outside of bankruptcy.

The Court rejects Debtor's argument that the TILA adversary suit is a core proceeding and therefore within the Court's jurisdiction under 28 U.S.C. § 157(c)(1). Core proceedings include the matters "arising in" a bankruptcy case and "arising under" Title 11 enumerated in 28 U.S.C. § 157(b)(2). They involve rights that are created by the bankruptcy law or can only arise in bankruptcy cases.

When urging that the TILA proceeding is core, Defendant cites 28 U.S.C. § 157(b)(2)(K), defining determinations of the validity, extent, or priority of liens as core, and *Finch*,[10] a decision of former Judge Karlin of this Court. *Finch* was a TILA case for rescission of a home mortgage loan. The parties agreed that the proceeding was a core proceeding under 28 U.S.C. § 157(b)(2)(K), and Judge Karlin, without analysis, stated that she was "satisfied" that the court had jurisdiction. Less than a year later, in *Lewis*,[11]

---

[9] *Id.*

[10] *Finch v. Household Fin. Corp. (In re Finch)*, No. 01-42012, Adv. No. 01-7125, 2003 WL 23777744 (Bankr. D. Kan. Nov. 7, 2003).

[11] *Lewis v. Option One Mortgage, Inc. (In re Lewis)*, No. 03-41515, Adv. No. 03-7068 (Bankr. D. Kan. May 14, 2004).

5

Judge Karlin analyzed the Court's jurisdiction over core matters and held that an adversary proceeding involving the construction, purchase, financing or foreclosure of the debtor's home, which included a TILA claim, was not a core proceeding. Judge Karlin held that "[i]f a proceeding does not invoke substantive rights created by bankruptcy law and is one that could exist outside of bankruptcy, it is a non-core proceeding, even though it may be related to bankruptcy because of its potential effect on the estate."[12] Since the TILA claim, and other claims, could exist outside of bankruptcy, they were not within the court's jurisdiction of core matters under 28 U.S.C. § 157(c)(1). This Court agrees with Judge Karlin's analysis in *Lewis*.

Finally, this is not a proceeding within this Court's "related to" jurisdiction. A proceeding is related to the bankruptcy case if it could have been brought in a district court or a state court and the outcome could impact "the handling and administration of the bankruptcy estate."[13] In the Tenth Circuit, "[t]he test for determining whether a civil proceeding is related in bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."[14]

---

[12] *Id.* at 2.

[13] *Gardner v. United States (In re Gardner),* 913 F. 2d 1515, 1518 (10th Cir. 1990).

[14] *Id.* (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)).

The TILA claim became property of the estate when Debtor filed her petition for relief under Chapter 7. The Trustee could have filed a TILA adversary complaint, and because a recovery would have affected the distribution of estate assets, it would have been within the Court's "related to" jurisdiction. But the Trustee did not pursue the TILA claim; rather he abandoned the claim. Abandonment removed the claim from the estate and returned it to Debtor.[15] Further, this case has been completely administered. Recovery by the Debtor against Defendant can have no effect of the bankruptcy proceeding. It is not a "related to" proceeding, and the Court lacks subject matter jurisdiction.

In *VonGrabe*,[16] the court held that it did not have "related to" jurisdiction over four adversary proceedings after the claims had been abandoned by the Chapter 7 trustee, the bankruptcy case had been fully administered, and debtor had received a discharge. The court stated:

> Based on the *Pacor* test [of related to jurisdiction which has been adopted in the Tenth Circuit], the Court easily can conclude it is without jurisdiction to hear the claims raised in the instant adversary proceedings. Again, the trustee has filed a report of no distribution, a notice of abandonment, and the debtor's discharge has issued. The resolution of these claims will not affect the

---

[15] *Dewsnup v. Timm (In re Dewsnup)*, 908 F.2d 588, 590 (10th Cir. 1990).

[16] *VonGrabe v. Mees (In re VonGrabe)*, 332 B.R 40 (Bankr. M.D. Fla. 2005).

7

> debtor's estate or the allocation of assets among his creditors; any potential judgment amounts will not be administered by the Chapter 7 trustee or distributed to the debtor's creditors in this Chapter 7 case. "Where an asset has been abandoned by the Trustee, that asset is no longer a part of the bankruptcy estate." "As a result, the property reverts back to its pre-bankruptcy status, and that asset is properly removed from the jurisdiction of the bankruptcy court." Thus, the debtor is now revested with the right to pursue his assorted claims against the various defendants in a more appropriate forum, if he chooses.[17]

In support of dismissal, Defendant relies on *Travers*.[18] Debtor Travers' filed her TILA adversary proceeding one day after filing her voluntary petition under Chapter 13. The case was soon converted to Chapter 7. Debtor scheduled her TILA claim in an unknown amount as exempt, and there was no objection. The trustee filed a no-asset report, debtor received her discharge, and the bankruptcy case was closed, except for the adversary proceeding. Defendant moved to dismiss for lack of jurisdiction. After rejecting the debtor's argument that her claim was a core proceeding, the court discussed "related to" jurisdiction. It observed that when the debtor commenced the adversary proceeding, the outcome of the TILA litigation would have affected her bankruptcy estate and the court had "related to"

---

[17] *Id*. at 43-44 (citations omitted).

[18] *Travers v. Bank of Am., N.A. (In re Travers)*, 507 B.R. 62 (Bankr. D.R.I. 2014).

8

jurisdiction. But it found that this "related to" jurisdiction evaporated when the TILA claim was abandoned, debtor was granted a discharge, and the Chapter 7 case was effectively concluded.[19] Since "'dismissal of an underlying bankruptcy case does not automatically strip a federal court of jurisdiction over an adversary proceeding which was related to the bankruptcy case at the time of its commencement,'"[20] the court next determined if it should nevertheless exercise discretion to retain jurisdiction. This required consideration of four factors: "judicial economy, convenience to the parties, fairness and comity."[21] After exhaustive analysis, the court exercised its discretion not to retain jurisdiction.

Defendant analyzes each of these four factors and concludes that the motion to dismiss should be granted. Debtor, of course, argues that these same factors support jurisdiction. The Court finds these discussions irrelevant. In *Travers*, unlike this case,[22] the adversary proceeding was filed

---

[19] *Id.* at 71.

[20] *Id.* at 73 (quoting *Hamilton v. Appolon (In re Hamilton)*, No. 4-10133-JNF, Adv. No. 07-1060, 2009 WL 2171097, *6 (Bankr. D. Mass. July 15, 2009)).

[21] *Id.* at 73 (citing *Porges v. Gruntal & Co., Inc. (In re Porges)*, 44 F.3d 159, 162-61 (2nd Cir. 1995)).

[22] *VonGrabe*, discussed above, is similar. After concluding that it did not have jurisdiction over four adversary proceedings after the claims were abandoned by the trustee and the case fully administered, the bankruptcy court assumed that it had jurisdiction over the adversary proceedings when filed, and considered whether it should retain jurisdiction or abstain under 28 U.S.C. §1334(c)(1). It decided to abstain. "[I]n the event the court does have some remote 'related to' jurisdiction

9

before the case was fully administered. Thus the court initially had "related to" jurisdiction over the adversary proceeding and the question was whether it should retain that jurisdiction after all other aspects of the bankruptcy case were concluded. In this case, the Court never had jurisdiction over the TILA proceeding, since it was filed after abandonment, the no-asset report, and Debtor's discharge. There is no question here about retaining jurisdiction.

## III. Conclusion

For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction over this adversary proceeding. Defendant's motion to dismiss is granted.

The foregoing constitute Findings of Fact and Conclusions of Law under Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure. A judgment based upon this ruling will be entered on a separate document as required by Federal Rule of Bankruptcy Procedure 9021 and Federal Rule of Civil Procedure 58.

**It is so Ordered.**

### ###

---

over the asserted claims, there is simply no reason to entertain the cases in this forum." *VonGrabe*, 332 B.R. at 44.